## PATRICK McCUSKER *vs.* JOHN MITCHELL.

### PROVIDENCE—APRIL 2, 1897.

PRESENT: Stiness, Tillinghast and Douglas, JJ.

In an action of trespass, where the defendant disputed the line of the plaintiff's land, it was proper for the plaintiff to procure a survey and plat of the land to be made by a civil engineer and to use the same at the trial.

Objections to the charge or to a part of the charge to the jury cannot be assigned as a ground for a new trial, unless exception to the same was taken at the time of the charge. *Sarle* v. *Arnold*, 7 R. I. 582, affirmed.

Where requests had been made for certain charges and the court, without expressly saying they were granted, read them to the jury, it may be inferred that the requests were granted.

The court is not obliged to grant a request to charge the jury in the exact terms of the request.

A license to go upon one's land a certain distance gives the licensee no right to go beyond that distance, or to do anything not specified in the license.

Damages were laid at five thousand dollars in a writ of arrest on which the defendant was held to bail; plaintiff's items of injury, grossly exaggerated, showed that he only claimed to have been damaged to the extent of one thousand dollars.

*Held,* that the damages laid in the writ were exorbitant and grossly oppressive, and this abuse of the process of the court was disapproved.

Trespass, *quare clausum fregit.* Heard on defendant's petition for a new trial.

Per Curiam. The first exception is to the ruling of the court, in permitting plaintiff to prove that he employed a civil engineer to survey and make a plat of the land in question to be used at the trial. In view of the fact that the defendant had denied the alleged trespass in his plea, and had disputed the plaintiff's line up to about the time of trial, we think the evidence was admissible. Indeed, at the trial the defendant's counsel expressly refused to admit the plaintiff's line to be where it was claimed by him, although he had pleaded a license from plaintiff to do the things complained of. The exception is therefore overruled.

The second exception is to the admission of evidence offered to show where the division fence was before the filling in complained of. This of course was proper, as tending to show both that the land belonged to the plaintiff, and also the extent of the damages sustained by him from the filling in, if unlawful. The exception is overruled.

The other exceptions to evidence as to plaintiff's title and the location of the boundary lines were not well taken, and must be overruled.

As to defendant's point that the court erred in the remark, during the trial,—"Let him state where he put his line,—the jury will say whose land it is;"—it does not appear that any exception was taken thereto. But even if there had been, it was perfectly proper, in view of the fact that the line was disputed as aforesaid.

Defendant also claims that the court erred in instructing

the jury upon an issue not raised by the pleadings, as follows : "But it will be necessary for you, in your effort to ascertain whether a trespass was committed by Mr. Mitchell, to determine the question, that is to say, to reach a reasonable conclusion, as to where Mr. McCusker's line did run, and where Mr. Mitchell's line was placed." No exception was taken to this part of the charge, and hence it cannot be assigned as a ground for new trial. *Sarle* v. *Arnold*, 7 R. I. 582. But we see no objection to the instruction, in view of the pleadings taken as a whole, and of the evidence submitted as to the boundary line.

Another point taken by defendant is that the court erred in commenting on the defendant's pleadings, the language and manner thereof being calculated to prejudice the jury against the defendant. The language objected to was as follows : "Mr. Mitchell says, first, that he did not do it, he is not guilty ; then he filed a plea in abatement stating that he did do it, and that he had a right to do it because he had a license from the owner of the land to do it. Well, he took the stand and he said he didn't do it, and his men didn't do it. He said he never authorized anybody to do it, and didn't know it was done. Some others of his witnesses testified to the same thing, but his plea says he did do it. Now, gentlemen, had he a right to do that ? They admit by their plea in the case that the land, *i. e.*, for the purposes of this trial, was not theirs, that it was Mr. McCusker's because they say that they put that there, and they speak about this fence that had been placed there, and they say they had permission to dump that dirt there." No exception was taken to this part of the charge, and, therefore, and as above stated, cannot be assigned as a ground for a new trial. But we fail to see that it would be a ground for new trial, even if exception had been taken thereto. It amounted simply to a statement of the contradictory position in which the defendant had placed himself by his pleading and his evidence, and therefore we do not think the jury could have been prejudiced thereby.

The next exception taken by defendant's counsel is to the

refusal of the court to grant certain specific requests to charge the jury. The record shows that the requests were read to the jury, and although the court did not expressly say that they were granted, yet it may be inferred that they were. But, even assuming that they were refused, the charge, taken as a whole, shows that the same instruction in substance had been given by the court as is contained in said requests; and it is well settled that the court is not obliged to grant a request in the exact terms thereof. This exception is therefore overruled.

The next exception is to that part of the charge which was as follows: "Now, gentlemen, do not be misled by the question of breaking and entering. Entering is simply a lifting of a rail, simply a lifting of anything, or removing anything that is erected to enclose the premises, an entry through any thing put there to keep persons out, as breaking the glass, like breaking into a house. You raise a window that is closed, that is breaking. That is what the law means by breaking. If he had no permission to remove the fence and go upon the premises and dump dirt, then damages would lie for the damage he caused that party; but if he had permission, if he had authority to go there, no matter how it was granted to him, then he had a right to go and he cannot be held for what he did, unless, as I have before said, he went beyond the line were he was permitted to go." We see no objection to this part of the charge, and the exception is therefore overruled.

The last exception is to the last part of the charge, which was as follows: "Gentlemen, I will explain that. The question seems to be exceedingly technical; but if I state to you that you may have permission to go fifty feet upon my land and do certain things, and you go seventy-five feet on that land, and do the same kind of things, you go twenty-five feet beyond where you have a right to go, and you are liable for what you do in excess of that permission." We fail to find any error in this part of the charge. It is very clear that a license to go upon one's land for a certain distance gives the licensee no right to go beyond that distance or to

do anything not specified in the license.   The exception is therefore overruled.

We think there is sufficient evidence to sustain the verdict. As there was a conflict of testimony as to whether defendant had a license, as set up in his plea, it was for the jury to determine that question as well as the question of damages.

Our attention is called to the fact that the damages laid in plaintiff's writ are five thousand dollars, and that, it being a writ of arrest, the defendant was held to bail in this amount. In view of the fact that the plaintiff's testimony, taken at its best, shows that he only claimed to have been damaged to the extent of one thousand dollars—and it is evident from his own items that this was a gross exaggeration—the damages laid in the writ were exorbitant and oppressive, and we wish to express our entire disapproval of such an abuse of the process of the court ; and for this purpose, while we deny the petition for a new trial, we will do so without costs, and also direct the Common Pleas Division to enter judgment on the verdict without costs.

*Hugh J. Carroll and Thomas W. Robinson*, for plaintiff.
*John E. Goldsworthy*, for defendant.