JOHN F. MCBURNEY *vs.* THE TIMES PUBLISHING COMPANY.

NOVEMBER 22, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

332

Paolino, J.  This is an action of libel.  The defendant pleaded the general issue and a special plea of privilege. After a trial in the superior court a jury returned a verdict for the plaintiff in the sum of $50,000.  The trial justice granted the defendant's motion for a new trial, unless the plaintiff filed a remittitur of all of the verdict in excess of $25,000.  The plaintiff filed such remittitur.  The case is before us on the defendant's exceptions to the denial of its motion for an unconditional new trial, to certain evidentiary rulings, to certain instructions, and to certain rulings on requests for instructions.

The defendant published The Pawtucket Times, a newspaper of general circulation in the city of Pawtucket and neighboring cities and towns.  It published three editions daily and on April 10, 1957 its paid circulation was about 40,500.  Frank C. Pritchard was employed by it as a reporter.  His duties included covering and reporting hearings in the probate court of Pawtucket.

The plaintiff, a married man, lives in the city of Pawtucket where he maintains offices as a practicing attorney. He has been a member in good standing of the bar of this state since his admission and has held public office, both appointive and elective.  On April 10, 1957 he represented Elizabeth McKenna at a hearing in the Pawtucket probate court.  The hearing involved a petition brought by C. Margaret Donelly, administratrix of the estate of Arthur J. O'Neil, for examination of Miss McKenna under the stat-

ute authorizing the examination under oath of persons suspected of having concealed assets of the personal estate of a deceased person.

The examination centered around the disposition of the proceeds of a certain check for $3,960 which Mr. O'Neil had received in November 1956 for the sale of a house. Mr. O'Neil died on the evening of December 30, 1956. Miss McKenna testified that on the morning of that day Mr. O'Neil, in the presence of Robert Warner and John F. Healey, endorsed the check and gave it to her for money which he owed her. On the following day she opened an account in her name in a bank in Pawtucket and deposited the check. On the same day she filed a petition in the probate court praying that she be appointed administratrix of the decedent's estate. Her petition was denied on February 13, 1957 and on the same day she withdrew all of the money out of the bank account she had opened on December 31, 1956. C. Margaret Donelly, the decedent's daughter, was appointed administratrix.

Miss McKenna maintained that the proceeds of the $3,960 check belonged to her and that they were not assets of the estate. In reply to questions by the court and by counsel for the administratrix she explained what she had done with the money and itemized the payments which she said she had made. She testified that she had made a payment of $2,700 in cash to John F. Healey for money which she owed him. The probate judge was not satisfied with her explanation of such payment and indicated that he did not believe her story. The plaintiff then informed the judge that Miss McKenna had given him the money and that he paid it to Mr. Healey in her presence. He stated that he had not obtained a receipt from Mr. Healey, but that he would supply the court with one. The probate judge remarked that he did not believe plaintiff had properly followed his duties as an officer of the court. He also expressed the opinion that there were assets of the estate which were

being concealed and that $2,700 "must be accounted for." The hearing was concluded sometime between 10:30 and 10:45 a.m. and was continued to the following Monday for further examination of Miss McKenna and also for the purpose of questioning Mr. Healey.

The instant action is based on the articles published by defendant in its report of the April 10 hearing. Mr. Pritchard was present during a part of the hearing. After checking with his superiors he wrote a report which appeared in the third edition of the paper on April 10 and in the first two editions on April 11, 1957. The articles were substantially the same in all three editions, but the headlines were changed. On April 10 the headline read, "Probate Judge Raps Lawyer Over Sum Possibly In Estate," while on April 11 it read, "Lawyer Sharply Questioned Over Sum Possibly in Estate." The story refers only to questions and comments made by the probate judge to plaintiff. It makes no reference to any of the questions or remarks which the judge directed to Miss McKenna.

At the hearing of the case at bar in the superior court plaintiff contended that the articles and headlines were defamatory of his reputation, especially in his profession as a lawyer; that they constituted a libel against him; that they were published with malice; and that he suffered damage as a result of their publication. To support his contentions he introduced in evidence a transcript of the probate court hearing and copies of the newspaper articles. In addition, on the issue of malice he presented evidence of incidents which he contended showed malice towards him by defendant over a period of time. We shall discuss these incidents in more detail when we consider defendant's exceptions to rulings admitting such incidents in evidence.

On the issue of malice the defendant presented the testimony of its general manager and treasurer, its managing editor, and its city editor. These men in effect ran the paper. They testified that they had no malice towards plain-

tiff. In support of its special plea of privilege, defendant presented evidence to prove its claim that the articles were a fair, impartial and accurate report of a judicial hearing and, therefore, privileged. The case was given to the jury on these issues. As we have already stated they returned a verdict for plaintiff.

The defendant has briefed and argued its exceptions under seven main points. We shall treat them in like manner, referring only to those portions of the record as we find necessary for a proper discussion and determination of the issue raised under defendant's exceptions.

We shall now consider the exceptions in point 1 under which defendant contends the trial justice committed prejudicial error in ruling on certain matters relating to developments after April 10, 1957 in the Donelly-McKenna dispute. Under exceptions 5a, 6 and 7, it contends that he erred in admitting certain exhibits because they were not mentioned in the newspaper articles. These exceptions relate to plaintiff's exhibits 8, 9 and 10 which are, respectively, the check which Miss McKenna testified was given to her by Mr. O'Neil, an envelope containing the check which she made out when she withdrew the money from the bank, and her bankbook. There is no merit in these exceptions. The articles expressly refer to the $3,960 check, to the bank deposit and to the payment of $2,700. Moreover, the transcript of the probate court hearing, which is in evidence, refers to these items. They were relevant and material on the issue of privilege in determining whether the report of the hearing was fair, impartial and accurate.

Exception 10 relates to the refusal of the trial justice to strike plaintiff's answers to certain questions pertaining to testimony at the probate court hearing. The defendant contends that the testimony given by plaintiff refers to matters which do not appear in the transcript of the probate court hearing and that it was therefore hearsay and inadmissible. Unlike *Havens* v. *R. I. Suburban Ry.*, 26 R. I.

48, 58, the testimony in question, even if hearsay, could not have had a controlling influence on any material aspect of the instant case and, therefore, the refusal to strike did not constitute prejudicial error.

Under exceptions 15, 16 and 17 defendant contends that the trial justice committed error in overruling its objections to certain questions put to Mr. Pritchard asking whether he had followed the proceedings of the Donelly-McKenna case in the superior court and whether the $2,700 or the $3,960 check were ever accounted for as a part of the assets of the O'Neil estate. He replied that he had not followed the proceedings in the superior court and did not know whether the funds in question were ever accounted for as part of the O'Neil estate. In the circumstances we find no prejudicial error.

The remaining exceptions in point 1 relate to the admission in evidence of the final decree which had been entered on November 6, 1957 in the superior court in the case of C. Margaret Donelly v. Elizabeth McKenna et al., Equity No. 25982. In admitting it the trial justice instructed the jury that the final outcome of the Donelly-McKenna dispute was not relevant to the merits of the instant case, except on the issue of malice, and that therefore he was admitting it only on that issue. In our opinion the ruling in question was not in error. We have examined the cases cited by defendant and are not persuaded that they are controlling in the circumstances.

The defendant published a news story about the outcome of the Donelly-McKenna matter. A copy of the report is in evidence, over defendant's objection, as plaintiff's exhibit No. 11. That report was properly admitted to show the state of mind of the defendant towards plaintiff. Subsequent statements by one accused of libel may be admitted to show malice. The fact that the trial justice excised the part of the report showing the final outcome of that case has no material bearing on his subsequent ruling admitting

the final decree. Exhibit No. 11 refers to the Donelly-Mc-Kenna dispute as one which was "bitterly fought" in the probate court and which "has ended quietly" in the superior court. In our opinion the final decree became relevant in determining whether defendant's subsequent statements in exhibit No. 11 contained any evidence of malice.

In point 2 defendant contends there was no competent evidence of malice introduced and that the giving of any charge on such issue was error. The trial justice submitted the issue of malice, both actual and equivalent malice, to the jury with instructions that if they found malice they could bring in a verdict for plaintiff even if they concluded that the articles were fair, impartial and accurate. He also charged that if plaintiff had sustained the burden of proving malice they could, in their discretion, award punitive damages in addition to compensatory damages. It is conceded that punitive damages can be awarded only on a finding of malice.

We do not deem it necessary to discuss in detail the evidence on this issue. The trial justice carefully instructed the jury on this question. He charged that the only persons whose malice could be imputed to defendant were those who had the responsibility of determining what defendant published; that there was no evidence that Mr. Pritchard had any responsibility in determining what defendant published; and that therefore any malice on his part towards plaintiff could not be imputed to defendant. However, he held that plaintiff's testimony about a telephone conversation with Mr. Pritchard on April 10, 1957 was admissible in evidence on the issue of malice. This conversation took place after the hearing but before the publication of the report. The plaintiff testified that Mr. Pritchard said: "Boy are you in hot water. We got you on this one."

After careful consideration it is our opinion that the trial justice did not err in admitting such evidence, that it was

competent evidence on the issue of malice, and that his ruling submitting the issue of malice to the jury was correct. We are also of the opinion that his charge, on the issue of malice and equivalent malice as well as on the issue of punitive damages, was warranted by the evidence and correct in law.

In point 3 defendant contends that the trial justice erroneously granted plaintiff's request to charge No. 28 and (supplemental) request to charge No. 2. The defendant agrees with the statement of law contained in both requests insofar as the defense of privilege is concerned, but it argues that the manner in which the instruction was given confused the jury because the trial justice did not limit its application to the issue of privilege. The instruction in question relates to privileged communications in reporting judicial hearings and to the rule of law that it is no defense that defendant made an honest mistake, or that it exercised reasonable care and diligence in trying to ascertain the facts before publishing the report. After reading the charge in its entirety we are convinced that the trial justice made it adequately clear that the instruction in question related only to the issue of privilege. The charge also contains adequate instructions on the issue of malice. In our opinion the jury could not have been misled or confused by the requests in question. The instant exceptions are without merit.

In point 4 defendant contends under exception 37 that the trial justice erred in granting plaintiff's request to charge No. 28 by charging as follows: " 'If the plaintiff recovers, he may be compensated for suffering and distress, loss of reputation, and if there is any special testimony, loss of business.' If not, he is not entitled to such damage." The defendant contends under exception 28 that the trial justice should have granted its request to charge No. 10 that there was no evidence of any monetary loss suffered by plaintiff and that if their verdict was for plain-

tiff they could award him damages only for personal embarrassment or humiliation which he may have suffered as a result of the publication of the articles in question.

We have carefully considered defendant's contentions and find them lacking in merit. The charge as given was clear on the issue of special damages. The jury were instructed that in the absence of evidence of special damages plaintiff was not entitled thereto. The defendant was not entitled to have the trial justice charge in the specific language of its request. *McCusker* v. *Mitchell,* 20 R. I. 13. The instruction given adequately covers the law to be applied to the facts as found by the jury. See *Marks* v. *General Ins. Co. of America,* 81 R. I. 75.

In his opening statement to the jury plaintiff's counsel stated that the publication was a deliberate attempt by defendant to distort what took place at the probate hearing because its policy was opposed to the political party of which plaintiff was a member. The plaintiff offered no substantial evidence at the trial to support his statement. In point 5 defendant contends that in the circumstances the statement was improper and prejudicial and therefore grounds for a new trial.

The instant exception is not related to any ruling or action of the trial justice and is not therefore properly before us. *Horaho* v. *Wanelik,* 56 R. I. 193, 204. In any event, the trial justice specifically charged the jury to disregard all statements of counsel not in accord with the evidence. The defendant received all that it could have obtained if it had proceeded in accordance with our well-established practice as set forth in the *Horaho* case.

The defendant filed a motion for a new trial on the usual grounds that the verdict was against the law, the evidence and the weight thereof, and on the further ground that the verdict resulted from passion and prejudice against it. In point 6 it contends that the trial justice erred in denying an unconditional new trial.

In his decision on the motion for a new trial, the trial justice carefully reviewed the evidence and passed his independent judgment thereon. He stated that the jury were entitled to consider the evidence bearing on the question of malice, actual or equivalent recklessness, as such evidence affected the issues of liability and of punitive damages. However, after passing his independent judgment on the weight of the evidence he concluded that plaintiff had failed to sustain the burden of proof on such issue.

On the issue of whether the articles were defamatory of plaintiff he held that by their verdict the jury found that they were and he approved such finding. On the issue of privilege he concluded that a comparison of the articles in question with the transcript of the probate court hearing clearly justified the jury in finding that the articles were not fair, impartial and accurate. Under our practice, where the evidence is conflicting we will not disturb the decision of the trial justice unless it is clearly wrong. *Wilcox* v. *Rhode Island Co.*, 29 R. I. 292.

Although the evidence relating to the probate court hearing and the newspaper articles is documentary in nature, the evidence and contentions of the opposing parties is in direct conflict on the question whether the articles were a fair, impartial and accurate report of the hearing. The articles were clearly defamatory of plaintiff in his professional status as a lawyer. Even though we are in complete agreement with the conclusion of the trial justice that plaintiff has failed to sustain his burden of proof that the articles were motivated by malice, it is our opinion that on the issue of whether they were fair, impartial and accurate the evidence presented a fact question for the jury to determine. They have done so. There is no merit in defendant's contention that they have failed to follow the instructions of the trial justice on the issue of privilege.

A careful reading of the articles reveals that they do not reflect accurately what actually took place at the probate

hearing. The picture painted by them is not in fair balance. They refer only to the comments and remarks of the probate judge directed to plaintiff as a lawyer representing a client. They contain no reference to the probate judge's comments and remarks to Miss McKenna nor to plaintiff's contention that the money in question was not part of the estate of the deceased. In the circumstances the jury were warranted in finding that the articles were defamatory and not a fair, impartial and accurate report of the hearing. The trial justice has approved their findings. Since we are not convinced that the verdict resulted from passion or prejudice, it is our opinion that justice does not require us to disturb the findings of the trial justice on the issue of privilege.

In point 7 defendant has briefed and argued other grounds on which it bases its contention that the trial justice erred in denying its motion for an unconditional new trial. For the purposes of this argument it assumes as correct all rulings and proceedings in the superior court and, with one exception, the findings made by the trial justice in his decision on the motion for a new trial, other than the final holding. The one finding that it does not assume is the finding that the jury decided that defendant had not proved that the articles were fair, impartial and accurate.

Since the verdict was general, and there were no special findings or requests for them, defendant contends that the trial justice was not warranted in inferring from the verdict that the jury made a finding that defendant had failed to sustain the burden of proving that the articles, including the headlines, were fair, accurate and impartial. The defendant points out that the case was submitted to the jury with instructions that they could find for plaintiff if they found that the articles were defamatory and either (1) that defendant failed to prove that they were fair, accurate and impartial or, (2) even though fair, accurate and impartial, that defendant was motivated by malice, or both. In view

of the charge, defendant argues that it is impossible to tell from the general verdict whether the jury found for plaintiff on the ground that defendant had failed to prove that the articles were fair, accurate and impartial, or on the ground that the publication was malicious, or both. The defendant concludes that in the circumstances the trial justice should have granted an unconditional new trial as a matter of law.

We do not agree with defendant's contention. In attempting to impeach the verdict defendant is speculating about possible results which have no foundation on the basis of the record before us. In passing on the weight of the evidence the trial justice, having removed malice from the case, found that defendant had failed to sustain its burden of proving that the articles were fair, accurate and impartial. In our opinion an inference that the jury came to the same conclusion is warranted by the evidence. In the peculiar circumstances of this case it is unreasonable to assume that they would have found malice without finding that the publication was not fair, accurate and impartial. We have read the cases from other jurisdictions which defendant has cited, but find that they are not in point.

The defendant next contends that by the general verdict it is impossible to know the basis on which the jury awarded damages; that it is impossible to know how much they awarded for compensatory damages and how much for punitive damages; that in reducing the award from $50,000 to $25,000 the trial justice improperly invaded the province of the jury to set damages; and that therefore he erred in denying an unconditional new trial.

On the view that we have taken on the issue of defendant's liability we find no merit in its contention on the issue of damages. The trial justice had charged the jury that a verdict for plaintiff would require some compensatory damages, but that punitive or exemplary damages could not be awarded unless the publication was proved to be malicious.

The evidence supported the general verdict on the issue of privilege. In passing his independent judgment on the question of the adequacy or inadequacy of the damages awarded he had before him only the question of whether the amount awarded responded to the merits of the proof that plaintiff had been libeled by defendant by a publication which, though not activated by malice, nevertheless was not privileged. In other words the only question before him on the issue of damages was whether the verdict adequately responded to the injury resulting from defendant's libel on the basis of the findings which he had made and which we have approved. In our opinion in reducing the award by the remittitur he did not invade the province of the jury to assess damages.

We have considered the plaintiff's contention that the damages awarded by the jury are not excessive. In our opinion the trial justice was not clearly wrong in reducing them as he did and, therefore, his decision should not be disturbed.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict as reduced by the remittitur.

FROST, J., did not participate in the decision.

*Aram A. Arabian, Edward F. Casey* (of Massachusetts Bar), *John F. McBurney,* pro se, for plaintiff.

*Hinckley, Allen, Salisbury & Parsons, Edward Winslow Lincoln, Stephen B. Ives, Jr., Guy J. Wells,* for defendant.